HEARD APRIL TERM, 1876.

## ROSENBERG vs. LEWI.

There can be no claim of homestead against a mortgage of the property in which the claim is made.

As a general rule, counsel fees of others than the mortgagee are not, it seems, payable out of the proceeds of the sale of mortgaged property in proceedings for foreclosure.

BEFORE COOKE, J., AT ABBEVILLE, JANUARY, 1876.

This cause was heard upon a statement of the case, which is as follows:

On the 22d day of February, 1871, Garrison A. Visanska, one of the defendants, mortgaged to H. K. Thurber & Co. a tract

of land in the County and State aforesaid, containing 1,050 acres, known as the Belcher plantation, as security for a debt of $2,000 which he owed them. The mortgage was subsequently duly assigned by H. K. Thurber & Co. to David Lewi.

David Lewi commenced his action to foreclose the mortgage against Garrison A. Visanska on the 8th of April, 1874, and on the same day filed a notice of the pendency of the action in the office of the Clerk of the Court of Abbeville County. The summons and complaint were served on Garrison A. Visanska by the Sheriff on the 13th day of April, 1874. The complaint of David Lewi was answered by Garrison A. Visanska and several defenses were pleaded.

The cause was heard before his Honor Judge Carpenter, sitting for Judge Cooke, and a judgment of foreclosure was signed and entered on the 23d day of April, 1875, ascertaining the debt secured by the mortgage to be $2,037.94, besides costs, and the mortgaged premises ordered to be sold for cash on sale day in November, 1875, and the debt paid out of the proceeds. The equity of redemption of the said Garrison A. Visanska and of all persons claiming under him was foreclosed and the mortgaged premises advertised for sale under the judgment. On the 14th day of April, 1874, the day next after the personal service of the summons and complaint on Garrison A. Visanska, he made a deed of conveyance of the Belcher plantation and a tract of land on Little River in said County, but of no other property, to the respondent, Wolf Rosenberg, for his creditors. The tract on Little River had been mortgaged by Garrison A. Visanska to Morris Israel as security for a debt due to him. After the execution of the mortgages several judgments had been obtained against Garrison A. Visanska, some of them before and some after the conveyance. In the deed of conveyance to Wolf Rosenberg, Garrison A. Visanska claimed a homestead in the Little River tract of land, if he should be entitled by law to the same, but made no claim of homestead in Belcher plantation. On the 19th day of April, 1875, Wolf Rosenberg filed in the office of the Clerk of Abbeville County his complaint against the appellants, David Lewi, Morris Israel, certain judgment creditors, Anna R. Visanska and Garrison A. Visanska, setting forth the conveyance of Garrison A. Visanska to him ; that the Belcher plantation had been mortgaged by Garrison A. Visanska to H. K. Thurber & Co., and by them assigned to David Lewi; that the Little

River tract of land had been mortgaged to Morris Israel, and that judgments against Garrison A. Visanska had been obtained after the making of the mortgages by him; and further alleging that Anna R. Visanska preferred a claim arising out of an alleged marriage contract between her and her husband, Garrison A. Visanska. The complaint of Wolf Rosenberg admits the validity and priority to the judgments of the mortgage held by David Lewi, but alleges that the amount of the debt secured by it is unknown to him; alleges that Garrison A. Visanska claims a homestead in the Little River tract, and that plaintiff is in doubt and perplexity as to the claim of Anna R. Visanska, that of Garrison A. Visanska to homestead and the alleged mortgage to Morris Israel. The complaint demands an injunction restraining the appellant from selling the land to foreclose his mortgage and judgment creditors from selling the lands until these claims last mentioned shall be decided. On the 15th day of October, 1875, the order for injunction was made. The cause came to a hearing before his Honor Judge Cooke, January Term, 1876. The complaint was answered by David Lewi, 13th November, 1875; Garrison A. Visanska failed to answer. On the hearing there was no evidence that Garrison A. Visanska had ever resided on the Belcher plantation, and he admitted that he had never done so. And in reply to a question by the Court, Visanska said he would take his homestead in the Belcher plantation, and was told by Judge Cooke that he must act upon his own judgment. It was proved that the Belcher plantation was ten miles from any residence of Garrison A. Visanska. The Belcher plantation and the tract on Little River are both mentioned in the judgment of the Circuit Court, which decides that Garrison A. Visanska is entitled to homestead, and, further, "that he is at liberty to select his homestead and have it taken from the lands above named," and directed the Sheriff to lay it off according to law in said lands. The judgment dissolved the injunction and ordered that the Belcher plantation should be sold for one-half of the purchase money in cash, and the other half on a credit until the 1st of January next, and did not exact of the purchaser any security or bond for the same.

David Lewi appealed from so much of the judgment of the Circuit Court, entered February 4, 1876, as adjudges that the co-defendant, Garrison A. Visanska, is entitled to a homestead in the Belcher tract of land and in the tract on Little River, mentioned

in said judgment, and is at liberty to select his homestead in them and to have it laid off from them, and orders the Sheriff to lay off his homestead in said tracts of land.

Also, from so much of said judgment as orders the Belcher tract of land to be sold for one-half of the purchase money in cash and the other half on a credit until the first day of January, 1867, without requiring security for the same, whereas the judgment of foreclosure entered on the 23d day of April, 1875, in the action of David Lewi against Garrison A. Visanska directed that the Belcher tract be sold for cash.

Also, from so much of said judgment as requires the Referee therein appointed to report out of what fund the counsel fee of the attorney of Wolf Rosenberg, the plaintiff, shall be paid, and will move to reverse the said judgment in these particulars.

*Burt*, for appellant, submitted the following points and authorities :

That a homestead is the residence of a family—the place where the home is, where the family permanently reside.—Smythe on Homestead and Exemptions, § 68, and authorities cited ; Article II, Section 32, Constitution of 1868.

That occupancy, use as a homestead, actual residence, define and constitute a homestead, and are required by the homestead laws of all the States.—Smythe, §§ 169, 170 ; *House* vs. *House*, S. C. Reports, 232.

The residence must be actual, not constructive.—Smythe, § 66.

That intention to use land at some future day as a homestead is not sufficient.—*Idem*, § 171.

That neither Visanska nor his family having resided on the Belcher plantation, even temporarily, or at all, he has no right to have any part of it set off to him under the pretext of a homestead.

That if Visanska ever had any claim or right to homestead in that plantation, it was divested by his mortgage dated 22d February, 1876, of which the appellant is assignee.—*Homestead Building and Loan Association* vs. *J. A. Enslow, ante* p. —.

That, if not divested by the mortgage, it was divested by the deed of 14th of April, 1874, to respondent Rosenberg.—Same case.

That, if not divested by the mortgage nor the deed, it was precluded by the decree of foreclosure in the case of David Lewi, the appellant, against Garrison A. Visanska, of 23d April, 1875.

Parties to a foreclosure suit are concluded by the decree; the law supposes that whatever claims they may have had are litigated by them; if their rights were not asserted, they are forever barred from asserting them.—*Benjamin* vs. *Railroad Company,* 49 Barber, 441.

The principle of *res judicata* is applicable to the claim of homestead.—*Wright* vs. *Dunninq,* 49 Barber, 46 Illinois Reps., 275; *Lee* vs. *Kingsburry,* 13 Texas, 68; Smythe, § 414.

As to the judgment of Judge Cooke changing the terms of sale determined by the judgment of Judge Carpenter to a credit for one-half of the purchase money, and requiring of the purchaser neither security nor even bond, and directing the titles to be made to the purchaser, it is denied that it was competent for him to make the change.

Whilst there can be no appeal from one Judge of the Circuit Court to another Judge of the same Court, or from the same Judge to the same Judge, it is conceded that an administrative order made by the same Judge or by another Judge in the same cause, in a proceeding before him, and in altered circumstances, may be rescinded or modified, it is denied that a judgment or decree formally signed and filed can be modified by the Judge who made it or by another Judge of the same Court, unless in an action or proceeding directly assailing its validity for fraud, accident or other cause. The terms of sale fixed by the judgment of Judge Carpenter were not involved in the case of Rosenberg against Lewi and were not before Judge Cooke.

The Code of Procedure (Chapter VIII, Section 416, p. 674 of Revised Statutes) provides that "every direction of a Court or Judge made or entered in writing and not included in a judgment is denominated an order."

A judgment is the sentence of the law pronounced by the Court upon the matters contained in the record.—3 Black Com., 395; 1 Waite's Practice, 427.

Final judgments are such as at once put an end to the action by declaring that the plaintiff had or had not entitled himself to recover the object of the action.—1 Waite's Practice, 427.

A judgment is the final determination of the rights of the parties in the action.—Code of Proc., Title VIII, Chapter 1; § 268, Revised Stat., p. 630.,

A decree is a sentence or order of the Court corresponding to a judgment at law, pronounced at the hearing or submission of the cause, by which the rights of the parties are determined.—1 Waite's Practice, 427.

Until a decree had been settled and entered by the Register it might have been rectified by motion to vary the minutes. Those applications must have been made to the Court or officer by whom the decree was pronounced.—1 Waite's Practice, 439..

The term decree is not retained under the Code; the word judgment designates the determination of the rights of the parties.—1 Waite's Pr., 445; 3 Waite's Pr., 588.

The distinction between an order and a judgment is that an order is the decision of a motion; a judgment is the decision of a trial.—3 Waite's Pr., 594.

On an appeal from a judgment, if an error has been committed which by possibility might have prejudiced the appellant, the judgment must be reversed.—*Brown* vs. *Richardson,* 20 N. Y., 476; 2 Tillinghast & Sherman, 930.

*Thomson,* contra:

June 7, 1876. The opinion of the Court was delivered by

WRIGHT, A. J. While it may be true that a Circuit Judge may on motion after notice change the terms of a mere administrative order which he has made, he cannot interfere with his pronounced judgment in a cause except as provided by the Code of Procedure. The time fixed by the two orders for the sale of the mortgaged land having passed, it is now of no practical importance to consider which of them is to be recognized as effective so far as they express the conditions on which the sale was to be made. A new order must be made which will necessarily supersede them both.

It is not material to inquire whether Visanska had such a residence on either of the tracts of land which would have entitled him to the exemption claimed under the provisions of the Constitution and the Acts of the Legislature if both parcels had been subject to judicial sale by any proceeding other than one arising under a

mortgage. If he ever had any claim of homestead in the Belcher plantation or the Little River tract, he had divested himself of it by the mortgage, for as to such an instrument there can be no right of homestead as against the claim of the mortgagee.—*Homestead Building and Loan Association* vs. *J. A. Enslow, (ante, p.* —.)

If, after satisfaction of the mortgages and the costs consequent upon their foreclosure, there should be a surplus when he makes the application in due form, it will be time enough to consider whether his right by way of homestead in such surplus may entitle him to receive it in bar of the claims of his other creditors.

So much of the order as looks to the payment of the counsel of Rosenberg, the respondent, out of the mortgaged property by requiring the Referee to be appointed to report out of what fund it should be paid must be reversed.

No reason or cause appears why the debt due on the mortgage held by Lewi, the appellant, should be subjected to the chance of not being fully paid by application of any portion of the proceeds of the sale to the fees which Rosenberg has incurred by his intervention in the case.

The debt established by the decree of the 23d of April, 1875, and the order then made for the foreclosure by sale must be recognized as valid.

It is accordingly ordered that the sale, after due advertisement, may be fixed for any sale-day to be named by the appellant or counsel, on the following terms: One-fourth cash and the balance payable in six months, secured by bond bearing interest from date, together with personal security and mortgage of the premises.

*Moses,* C. J., and *Willard,* A. J., concurred.